## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIELLE VENEZIA,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| **v.** | : | **NO. 18-1458** |
| | : | |
| **EASTERN REVENUE, INC. et al,** | : | |
| *Defendants.* | : | |

### MEMORANDUM

### I. INTRODUCTION

Before the Court is Defendant Eastern Revenue, Inc.'s Motion for Summary

Judgment (ECF No. 21), Plaintiff's Response in Opposition to Defendant's

Summary Judgment Motion (ECF No. 24), Defendant's Reply (ECF No. 25),

Plaintiff's Objections to Defendant's Submissions (ECF No. 35), Plaintiff's

Surreply (ECF No. 37), and oral argument held on this matter on January 9, 2019.

### II. BACKGROUND[1]

Sometime before April 4, 2017, Plaintiff incurred a financial obligation for a

Perkins student loan. Defendant Eastern Revenue, Inc., believing that the student

loan was in default, requested that its mailing vendor, FocusOne, generate a letter

to Plaintiff Danielle Venezia at 6 Hallock Street, Farmingdale, NY 11735-3849.

---

[1] The following background is the undisputed material facts from the record.

1

ECF No. 25-5 at ¶ 4-8 (Decl. of Mr. Griffin)[2]. That letter, which was mailed on

April 4, 2017 ("April 4 letter"),[3] stated, in relevant part:

---

[2] Plaintiff filed an Objection to Defendant's Submissions [ECF No. 33 & 34] urging this Court to disregard Mr. Griffin's Declaration because it was "new evidence" presented improperly in Defendant's Reply. ECF No. 35. As the cases cited by Plaintiff state, "a District Court should not consider new evidence raised in the reply to a motion for summary judgment without giving the nonmoving party an opportunity to respond." *Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)). This Court, in following this very instruction of the Third Circuit, gave Plaintiff ample opportunity to respond to the "new evidence" by granting Plaintiff's Motion for Leave to File a Surreply Brief in Response to Defendant's Reply Papers Supporting Defendant's Motion for Summary Judgment, ECF No. 31. *See* ECF No. 36. Plaintiff also had the opportunity to address this "new evidence" during Oral Argument held before the Court on January 9, 2019, nearly a month after the "new evidence" was introduced by Defendant. ECF No. 41. Accordingly, the Court appropriately considered Mr. Griffin's declaration in its analysis of this motion.

Plaintiffs also objected to the consideration of Mr. Griffin's declaration under Federal Rule of Civil Procedure 56(c)(2) because Mr. Griffin did not specifically state that his declaration was made with "personal knowledge" and consisted of inadmissible hearsay. First, "while an affidavit certainly can explicitly state that it is based on 'personal knowledge,' there is no requirement for a set of magic words" in order to be considered on summary judgment. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (citations omitted). Mr. Griffin declared, *under penalty of perjury*, that he was "authorized to make this Declaration on behalf of FocusOne" and that he is the "Data Systems Representative of FocusOne." Further, it is clear from the plain language of the declaration that Mr. Griffin's representations are based on his knowledge of FocusOne's data systems and the records they reflect. If that alone was insufficient to deem it appropriate to consider Mr. Griffin's declaration, Defendant has also filed with this Court the declaration of James Olson, the Vice President of Hatteras, Inc., of which FocusOne is a division, who declared *under penalty of perjury* that the records Mr. Griffin relied upon in his declaration were created in the normal course of FocusOne's business. ECF No. 34-2. Thus, the Court disagrees with Plaintiff and finds that it is appropriate to consider Mr. Griffin's

2

The above referenced creditor has placed your delinquent account with this office for collection. Assuming your failure to pay this obligation is due to an oversight, we are mailing this notice in advance of any collection activity by our office so that you may have the opportunity to make payment in full. Please be advised that your account may be accruing interest. Please contact our office to obtain the proper pay off figure.

**This communication is an attempt by a debt collector to collect a debt, and any information obtained will be used for that purpose.** We will assume this debt to be valid unless you dispute the validity of all or any part of it within thirty (30) days after receipt of this letter. If you notify us in writing that you dispute all or a portion of this debt, we will obtain and send you verification of the debt or a copy of the judgment against you. Upon written request within thirty (30) days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the creditor named above. This letter is an attempt by a debt collector to collect a debt, and any information obtained will be used for that purpose.

---

declaration because Mr. Griffin's declaration was made with personal knowledge and did not contain inadmissible hearsay.

[3] Plaintiff claims that the mailing date of the April 4 letter is a disputed material fact. ECF No. 24. The Court disagrees because Plaintiff, as the "party asserting that a fact…is genuinely disputed," has wholly failed to support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," as required by Federal Rule of Civil Procedure 56(c)(1). Fed. R. Civ. P. 56(c)(1). Rule 56 clearly requires that Plaintiff make a showing of a material disputed fact greater than making a mere conclusory statement that "there are no stipulations or admissions by [Plaintiff] as to the date on which [Defendant] mailed the April 4 letter." ECF No. 31-1 at pg. 7. Contrary to Plaintiff's blanket assertions that the actual mailing dates of the April 4 and April 6 letters are unconfirmed, Defendant has filed two declarations made under the penalty of perjury affirmatively asserting the mailing dates with supporting business records. *See* ECF Nos. 25-5 & 34-2. Accordingly, this Court finds the mailing date of the April 4 letter to be undisputed.

ECF No. 21-5 (emphasis in original). The April 4 letter also listed the following:

| | |
|---|---|
| Principal: | $3892.14 |
| Interest: | $800.81 |
| Collection Cost: | $1871.34 |
| Client Cost: | $0.00 |
| Late Fees: | $0.00 |
| Balance: | $6564.29 |

*Id.* Defendant subsequently requested that FocusOne mail a second letter to Plaintiff at 140 Willard Avenue, Farmingdale, NY 11735-5141. ECF No. 1-1 at pg. 3. That letter, which was mailed on April 6, 2017 (the "April 6 letter"), was virtually identical to the April 4 letter except that the "interest" sum increased to $801.88 and the "balance" sum increased to $6565.36. *Id.*

Plaintiff brought one cause of action against Defendant for violating the Fair Debt Collection Practices Act ("FDCPA") in a single-count complaint filed on April 6, 2018. Specifically, Plaintiff avers in Count I that Defendant's "violations, with respect to [the April 6 letter] include, but are not limited to, the following:

> a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

> b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

4

c) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1962e(2)(B);

d) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

e) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

f) Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1); and

g) Failing to provide the amount of debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1).

ECF No. 1 at ¶ 56.

For the reasons discussed below, Defendant Eastern Revenue, Inc.'s Motion for Summary Judgment will be granted.

## III. Legal Standard

Summary judgment "is appropriate where the moving party has established 'that there is no genuine dispute as to any material fact and the movant is entitled

5

to judgment as a matter of law.'" *Burton v. Teleflex, Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it might affect the outcome of the suit under the governing law." *Id.* When reviewing a motion for summary judgment, the court views "the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Id.* Although, "the non-moving party must present more than a mere scintilla of evidence," and must present evidence on which a jury could reasonably find for that party. *Id.* (internal quotation and citation omitted). Additionally, "[s]ummary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Wright v. Corning*, 679 F.3d 101, 105 (3d Cir. 2012) (internal quotation and citations omitted).

## IV. Discussion

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors." *Simon v. FIA Card Servs. NA*, 639 F. App'x 885, 888 (3d Cir. 2016) (internal quotation and citation omitted); 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent

6

State action to protect consumers against debt collection abuses."). The FDCPA is construed broadly so as to effectuate its remedial purposes. *Id*; *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011). Consequently, a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer." *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453 n.1 (3d Cir. 2006).

Section 1692e of the FDCPA provides, in relevant part, that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1962e goes on to enumerate a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct under this section. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. § 1692e(2)(B); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

Section 1692f of the FDCPA provides, in relevant part, that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1962f goes on to enumerate a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct under this

7

section. 15 U.S.C. § 1692f(1)-(8). Among these *per se* violations are: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f(1).

### *A. Statute of Limitations*

A lawsuit for violation of the FDCPA may be brought "in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The Third Circuit has held that Section 1692k(d)'s "one-year limitations period begins to run when a would-be defendant violates the FDCPA, not when a potential plaintiff discovers or should have discovered the violation." *Rotkiske v. Klemm*, 890 F.3d 422, 425 (3d Cir. 2018) ("Likewise, when Congress specifies that the 'date on which the violation occurs' starts the limitations period, the occurrence rule plainly applies."), *petition for cert. filed*, No. 18-328 (U.S. Sept. 11, 2018). The Third Circuit has been clear: the FDCPA "says what it means and means what it says: the statute of limitations runs from 'the date on which the violation occurs.'" *Id.* at 424.

Defendant argues it is entitled to summary judgment because Plaintiff's claims under Section 1692e and Section 1692f are barred by the one-year statute of limitations. Defendant contends that even though the Complaint identifies and

8

attaches the April 6 letter, which contains the language she alleges violated the

FDCPA, Plaintiff's potential FDCPA claim actually accrued on April 4, 2017,

when the April 4 letter was mailed to Plaintiff. ECF No. 21-1, pg. 1. Thus,

Plaintiff's potential claim had to have been filed by April 4, 2018, in order to

comply with the FDCPA's statute of limitations and Federal Rule of Civil

Procedure 6.[4] The Court agrees and finds that Defendant's mailing of the April 4

---

[4] In support of Defendant's claim that even if the April 6 letter triggered the
FDCPA's statute of limitations, Plaintiff's claim is time-barred because she filed
the Complaint on April 6, 2018, rather than on April 5, 2018, Defendant purports
that Federal Rule of Civil Procedure 6 does not dictate the computation of time
regarding the FDCPA's statute of limitations. In other words, by Defendant's
count, April 6, 2018 was 366 days after April 6, 2017, rather than the proscribed
"one year." The Court disagrees. Though, as Plaintiff notes, there is a circuit split
as to whether Rule 6 applies to FDCPA claims, *Frey v. Woodard*, 748 F.2d 173 (3d
Cir. 1984) instructs that in the absence of "weighty reasons" or indication that
Congress intended otherwise, courts in this Circuit are to infer that Rule 6, which
was approved by Congress, applies to the computation of time for ambiguous
statutes of limitation. *Frey*, 748 F.2d at 175; *see also Broderick v. Viking Client
Servs., Inc.*, No. 17-1827, 2017 WL 4269962, at *4 (D.N.J. Sept. 26, 2017)
("[B]ecause the alleged FDCPA violation occurred on March 17, 2016, Plaintiff
had until March 17, 2017 to bring her action. Plaintiff filed her lawsuit on March
17, 2017, which was within the one-year statute of limitations period, and is
therefore timely."); *Diena v. Certified Credit & Collection Bureau, Inc.*, No. 14-
0769, 2015 WL 570247, at *3-4 (D.N.J. Feb. 11, 2015). Like in *Frey*, this Court
finds no "weighty reasons" or indication that Congress intended for Rule 6 to not
apply to the FDCPA's statute of limitations provision. Accordingly, Rule 6 applies
to the computation of the statute of limitations for Plaintiff's claims.

Rule 6, in relevant part, states that "when a period is stated in days or a longer unit
of time," such as one year in this case, the Court is to "exclude the day of the event
that triggers the period." Fed. R. Civ. P. 6(a). Section 1692k(d) proscribes a one-
year limitation on FDCPA claims. Thus, Rule 6(a) dictates that claims brought

9

letter triggered the accrual of any potential claims Plaintiff might have alleged under Section 1692e and Section 1692f of the FDCPA.

As a preliminary matter, Plaintiff conceded that the continuing violation doctrine—if even applicable to the FDCPA claims brought in this case under Third Circuit case law—does not apply here. ECF No. 24 at pg. 17. Accordingly, this Court will not consider in its analysis whether the mailing of the April 6 letter could be said to have "re-set the statute of limitations clock." *Peterson v. Portfolio Recovery Assocs., LLC*, 430 F. App'x 112, 115 (3d Cir. 2011). Next, the Court disagrees with Plaintiff's characterization of the April 4 and April 6 letters as "discrete" violations of the FDCPA. Both letters contain identical versions of the allegedly misleading statement that the interest "may" be accruing on the outstanding loan rather than notice that interest was actively accruing. Thus, it is undisputed that both letters contain the exact same alleged misrepresentation that Plaintiff claims the FDCPA prohibits debt collectors from making. But, of great importance here, the April 4 letter contains the communication of that alleged misrepresentation to the debtor. Accordingly, the manifestation of that alleged misrepresentation in the April 4 letter triggered the running of the one-year statute of limitations for that purported misrepresentation. It is of no moment that the

under the April 4 letter would have expired on April 5, 2018, and claims brought under the April 6 letter would have expired on April 7, 2018.

10

April 4 and April 6 letters were mailed to two different addresses or whether

Plaintiff actually received or could have possibly received the April 4 or April 6

letters. *See Rotkiske v. Klemm*, No. 15-3638, 2016 WL 1021140 (E.D. Pa. Mar.

15, 2016) (holding the plaintiff's alleged FDCPA claims were barred by the statute

of limitations despite the fact that the purported violative communication was sent

to the plaintiff's prior residence and thus, it was undisputed whether the plaintiff

received or even could have received actual notice of the alleged violation), *aff'd*

890 F.3d 422 (3d Cir. 2018).

Indeed, the fact that the occurrence rule applies to the FDCPA instead of the

discovery rule supports the conclusion that the April 4 letter triggered the running

of the statute of limitations in this case. The FDCPA is aimed to prohibit deceptive

practices of debt collectors and subsequent case law has made it abundantly clear

that an appropriate FDCPA inquiry should be less focused on the individual

plaintiff alleging the FDCPA violation, and instead more focused on the

purportedly violative practice of the debt collector. *See id.* (finding statute of

limitations was tolled even though the purportedly violative communication was

mailed to the plaintiff's previous residence and he never received that

communication); *see also, Simon v. FIA Card Servs. NA*, 639 F. App'x 885, 888

(3d Cir. 2016) (laying out the objective standard used by the courts to determine if

a statement is misleading or deceptive under the FDCPA rather than a subjective

standard as to whether the individual plaintiff was misled by the statement at issue). Accordingly, having found that the April 4 letter triggered the running of the statute of limitations under Section 1692k(d), Plaintiff's Section 1692e and Section 1692f claims of Count I of the Complaint are barred by the one-year statute of limitations and thus, the Court grants Defendant's Motion for Summary Judgment as to those claims.

### B. Plaintiff's Remaining 1692g Claim

Section 1692g(a) of the FDCPA provides, in relevant part, that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

- (1) the amount of the debt;
- (2) the name of the creditor to whom the debt is owed;
- (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
- (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
- (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the

> consumer with the name and address of the original creditor,
> if different from the current creditor.

15 U.S.C. § 1692g(a).

On their faces, both the April 4 and April 6 letters contain the information, in no uncertain terms, required by Section 1692g(a). First, the letters clearly include the amount of the debt listing the principal sum, the interest due on the debt, the collection cost, and the total amount owed. ECF No. 1-1 at pg. 3; ECF No. 21-5 at pg. 2. Second, the letters clearly list the creditor as "Hood College" at the top of the correspondence. *Id.* Third, the letters clearly notify the recipient that "[w]e will assume this debt to be valid unless you dispute the validity of all or any part of it within thirty (30) days of receipt of this letter." *Id.* Fourth, the letters clearly notify the recipient that "[i]f you notify us in writing that you dispute all or a portion of this debt, we will obtain and send you verification of debt or a copy of the judgment against you." *Id.* Fifth, the letters state "[u]pon written request within thirty (30) days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the creditor named above." *Id.* Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Section 1692g claims of Count I of the Complaint.

## V. Conclusion

For the foregoing reasons, Defendant Eastern Revenue, Inc.'s Motion for Summary Judgment will be granted. An appropriate Order follows.

13

DATED: 2-11-2019

BY THE COURT:

CHAD F. KENNEY, J.

14